# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | | |
|---|---|---|
| TYLER SMITH AND SHERRI SMITH, AS NEXT FRIEND TO TANNER SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | DOCKET NO. 3:10-CV-00845 |
| v. | ) ) | JUDGE TRAUGER |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | MAGISTRATE JUDGE KNOWLES |
| Defendant. | ) ) | |

## **AGREED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) and with the consent of Parties, through their undersigned counsel,

IT IS HEREBY ORDERED that:

1.

Any individual or entity, including any non-party, from whom documents and things have been requested in this action (hereinafter, "Designating Party") may designate as CONFIDENTIAL INFORMATION any information, documents or things it produces in discovery that contain or constitute confidential or sensitive commercial information. A Designating Party should designate as CONFIDENTIAL INFORMATION only such information, documents and things as the Designating Party reasonably and in good faith believes require and justify protection hereunder.

2.

Any individual or entity wishing to invoke the provisions of this Order shall designate, in writing, the information, documents or things or portions thereof that it considers to be

CONFIDENTIAL INFORMATION at the time such information, documents or things are produced, or as soon thereafter as the individual or entity becomes aware of the nature of the information, documents or things produced and sought to be protected hereunder. CONFIDENTIAL INFORMATION produced may be filed under seal, or in other form authorized by the Court or other third-party arbiter designated by the Parties.

3.

A document or thing will be CONFIDENTIAL INFORMATION if the Designating Party marks or stamps the document "CONFIDENTIAL" on every page or portion thereof.

4.

During the deposition of any party or witness in the case, counsel may designate any portion of the testimony justifying protection hereunder as CONFIDENTIAL INFORMATION and request that such portion be transcribed separately by the court reporter and marked or stamped in the same manner as described in the preceding paragraph. Counsel should make such designation on the record whenever possible, but a Designating Party may designate portions of a deposition by giving notice to the other parties within ten (10) days following receipt of the deposition transcript.

5.

Access to CONFIDENTIAL INFORMATION, including extracts therefrom and compilations and summaries thereof, shall be limited to:

(a) the parties to this action and their agents and/or employees, all of whom have agreed to be bound by and to comply with the terms hereof;

(b) counsel of record for the parties and attorneys, paralegals and other members and staff within counsel's respective law firms who have agreed to be bound by and to

comply with the terms hereof;

    (c)    outside consultants and expert witnesses retained to assist with the litigation who have agreed to be bound by and to comply with the terms hereof and will execute a Confidentiality Agreement;

    (d)    outside copy services; and

    (e)    The Court, the Court's staff, witnesses, and the jury in this case.

6.

CONFIDENTIAL INFORMATION shall be maintained in confidence by the receiving party in accordance herewith and used solely in the litigation.

7.

In the event that any CONFIDENTIAL INFORMATION or the contents thereof are filed with the Court or disclosed in any filing, such documents or things should be filed with their markings or designations of confidentiality intact. Moreover, to the extent any document or thing marked or designated "CONFIDENTIAL" contains social security and/or bank account numbers, the parties hereby agree to redact those numbers prior to filing the documents or things with the court. The use of any documents or things marked or designated "CONFIDENTIAL" by any party to this action in support or opposition of any motion, brief, memorandum, or any other pleading of filing shall not be considered a waiver of any rights hereunder.

8.

All parties shall have the right to move for a modification of this Order or for the "CONFIDENTIAL INFORMATION" designation to be removed from any information, document or thing for which protection hereunder is not appropriate. Before filing any such motion, the party seeking a modification shall confer with the other parties to determine

whether the matter can be resolved by agreement or whether a consent order can be agreed upon and presented resolving what the party seeks.

9.

If any material as to which a party claims privilege is inadvertently produced during discovery in this proceeding, such inadvertent production shall not be a waiver of any claim of privilege by the asserting party. Upon receiving notice of the inadvertent production of a privileged document, the other parties shall immediately return to the party asserting the privilege all copies of the documents as to which a claim of privilege is asserted. This provision is without prejudice to any party's right to move or to make application to the Court for an order directing that privileged documents already in the possession of another party be returned to the party asserting the privilege and to seek to restrict the use of the documents or information contained therein. This provision shall not be deemed a waiver of the right of any party to challenge a claim of privilege.

10.

Within sixty days after the conclusion of this action, unless otherwise agreed by the parties, all CONFIDENTIAL INFORMATION, extracts therefrom and copies, notes, compilations and summaries thereof, excluding attorney work-product materials or attorney working files, shall be returned to the Designating Party that produced such materials.

SO ORDERED, this __12th__ day of April, 2011.

_____
Judge Trauger
United States District Court
Middle District of Tennessee
Nashville Division

April 11, 2011                                    Respectfully submitted,


*/s/ James A. Haltom*                             */s/ David J. Weissman (with permission)*
Thomas K. Potter, III                             John J. Hollins, Jr.
James A. Haltom                                   David J. Weissman
Burr & Forman LLP                                 Hollins, Raybin & Weissman, PC
700 Two American Center                           424 Church Street, Suite 2200
3102 West End Avenue                              Nashville, Tennessee 37219
Nashville, Tennessee 37203                        Telephone: (615) 256-6666
Telephone: (615) 724-3200                         Facsimile: (615) 254-4254
Facsimile: (615) 724-3290                         dweissman@hwylaw.com
tpotter@burr.com
jhaltom@burr.com

and                                               and

Betsy P. Collins
Burr & Forman, LLP                                James L. Weatherly, Jr.
11 North Water Street                             Weatherly, McNally & Dixon, PC
Suite 22200                                       Fifth Third Center, Suite 2260
Mobile, Alabama 36602                             424 Church Street
Telephone: (251) 345-8207                         Nashville, Tennessee 37219
Facsimile: (251) 344-9696                         Telephone: (615) 986-3377
bcollins@burr.com                                 Facsimile: (615) 635-0018
                                                  *jweatherly@wmdlawgroup.com*

*Attorneys for The Prudential Insurance*
*Company of America*                              *Attorneys for Tyler Smith and Sherri*
                                                  *Smith, as Next Friend to Tanner Smith*